Edward S. Conway, J.
This is a motion for a preliminary injunction ordering the defendant landlord to make the repairs necessary to de-lead the premises known as 15 Alexander Street, Albany, New York, which is occupied by the plaintiffs as tenants pursuant to an oral lease.
It is the contention of the plaintiffs as set forth in their verified complaint that the plaintiffs and their six children, the oldest of which is age 10, reside in the premises in question and that there are violations of the Housing Code of the City of Albany and the Sanitary Code of the County of Albany in the premises that the defendant has been ordered to correct by both the Building Department of the City of Albany and the Health Department of the County of Albany, which violations the defendant has not corrected. Plaintiffs further contend that one of the violations is a deteriorated condition of the paint on certain walls, ceilings and other surfaces. Two of plaintiffs’ children have been found to have dangerously high amounts of lead in their blood in tests conducted by the Albany County Health Department and the Albany Medical Center. One of the children has been hospitalized on three or more occasions, and one or more of the children could or may have brain damage. The condition could cause death.
It is the contention of the defendant that he has no duty to make repairs. With this contention this court must agree as a general proposition.
However, the State Legislature has, in the opinion of this court, placed the burden of bringing about the discontinuance of a paint condition conducive to lead poisoning in any designated dwelling, upon the owner. (See Public Health Law, § 1373, “ Abatement of lead poisoning conditions ”, and § 1374, “ Receivership ”.)
It is the further contention of the defendant that courts do not favor the granting of mandatory preliminary injunctions for, to do so, the court thus secures to the plaintiff on preliminary hearing the very right which he seeks to obtain on final judgment. With this contention this court also must agree.
However, it is the opinion of this court that the plaintiffs, in this case, as tenants have a right to immediate injunctive relief. (Bly v. Edison Elec. Illuminating Co. of N. Y., 172 N. Y. 1.) The defendant admits in his answering affidavit that the condition does exist and that he is willing and anxious to correct *494 the condition, bnt .that he cannot do so correctly and safely while the plaintiffs still live in the building.
Therefore, the relief demanded by the plaintiffs on the motion is granted on the condition that the plaintiffs vacate the premises for a sufficient length of time required to expeditiously complete the work by the defendant, which work must be commenced no later than 24 hours after the premises are so vacated and must continue with an adequate work force to complete the work in not more than 10 days’ loss of occupancy, for which period the tenants shall have a rent abatement.